# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

**FILED**
AUG 27 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**In the Matter of the Search of**
USPS International Express package **EE945089245MX** addressed to "DALE HOWARD 8121 ALLEN AVENUE OVERLAND, MO 63114," with a return address of "ORLANDO ZAZUETA SOTO MONTE CARNELO #5730 FRACC. BILLA BONiTA CuliACAn, Sinaloa 80199."

Case No. 4:19 MJ 5301 NAB

## APPLICATION FOR A SEARCH WARRANT

I, __Jordan Wicks__, a federal law enforcement officer or an attorney for the government request a search warrant and state under penalty of perjury that I have reason to believe that on the following property:

USPS International Express package **EE945089245MX** addressed to "DALE HOWARD 8121 ALLEN AVENUE OVERLAND, MO 63114," with a return address of "ORLANDO ZAZUETA SOTO MONTE CARNELO #5730 FRACC. BILLA BONiTA CuliACAn, Sinaloa 80199."

located in the ____EASTERN____ District of ____MISSOURI____, there is now concealed

Controlled Substances and/or United States Currency

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ✓ evidence of a crime;
- ✓ contraband, fruits of crime, or other items illegally possessed;
- ✓ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, U.S.C., §§ 846, 841(a)(1) | Conspiracy to possess with intent to distribute controlled substance(s) |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE.

✓ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
Jordan Wicks, Postal Inspector
United States Postal Inspection Service
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/27/19

City and State: St. Louis, MO

*Judge's signature*

Honorable Nannette A. Baker, U.S. Magistrate Judge
*Printed name and title*
AUSA: Nauman Wadalawala

# AFFIDAVIT

I, Jordan Wicks, being duly sworn, deposes and says that he is a Postal Inspector with the United States Postal Inspection Service, duly appointed according to law and acting as such.

## Introduction

1. I am a Postal Inspector with the United States Postal Inspection Service (USPIS). I have been employed as such by the USPIS since August 2018. I am currently assigned to the Multi-Functional Team and am responsible for the investigation of narcotic and money laundering investigations. I have received training by the USPIS, and members of the USPIS, in the investigation of controlled substances or proceeds/payments being transported through the United States. The St. Louis Field Office's Multi-Functional Team has intercepted numerous parcels, which were found to contain narcotics or proceeds of narcotics trafficking and other criminal activity. Prior to my employment with the USPIS, I was employed as a Special Agent with the United States Army Criminal Investigation Division (CID) from 2014 to 2018 as a supervisor in the Special Victims Unit. Prior to working for CID, I was employed as a Detective with the Maplewood Police Department, St. Louis County, Missouri from 2008 to 2014 and as a Narcotics Detective with the Lincoln County Sheriff's Office, Missouri from 2006 to 2008. I have experience and advanced training pertaining to drug related investigations from the USPIS, Drug Enforcement Administration (DEA), U.S. Army, Midwest Counterdrug Training Academy, Missouri Narcotic Officer's Association, the Multijurisdictional Counterdrug Task Force, as well as various other federal agencies and organizations.

2. Experience and drug trafficking intelligence information gathered by the USPIS

1

have demonstrated that the U.S. Postal Service Express Mail and Priority Mail are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Use of Express Mail and Priority Mail are favored because of the speed (Express Mail - overnight; Priority mail – two-day delivery), reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Express Mail was originally intended for urgent, business-to-business correspondence. Intelligence from prior packages, which were found to contain controlled substances or proceeds/payments, has indicated that these labels are usually from an individual to an individual. Express Mail is seldom used for individual-to-individual correspondence.

3. Information gathered by the USPIS has also demonstrated that other delivery couriers, such as Federal Express and United Parcel Service, are frequently utilized by drug traffickers for shipping controlled substances or proceeds/payments. Information gathered by the USPIS has demonstrated that the services and delivery practices of Federal Express and United Parcel Service are similar to U.S. Postal Service Express Mail and Priority Mail. Like U.S. Postal Service Express Mail and Priority Mail, Federal Express and United Parcel Service are favored because of the speed, reliability, free telephone and internet package tracking service, as well as the perceived minimal chance of detection. Like U.S. Postal Service Express Mail and Priority Mail, Federal Express and United Parcel Service were originally intended for urgent, business-to-business correspondence. However, intelligence from prior packages, which were found to contain controlled substances or proceeds/payments, has indicated that these shipping labels are usually from an individual to an individual. Federal Express and United Parcel Service are seldom utilized to convey individual-to-individual correspondence.

4. In an effort to combat the flow of controlled substances through the overnight

delivery services, interdiction programs have been established in cities throughout the United States by the USPIS. These cities have been identified as known sources of and destinations for controlled substances. The USPIS conducted an analysis of prior packages mailed through overnight delivery services that contained controlled substances or proceeds/payments of controlled substance sales. The analysis of those prior packages indicated that these labels are usually from an individual to an individual. In the few cases when overnight delivery packages containing controlled substances or proceeds/payments have displayed a business or company name, it has usually proven to be a fictitious business or company, or the business or company listed is not associated with the mailer and was randomly selected by the mailer in an effort to deter law enforcement detection. In such instances, Postal Inspectors review available business records to verify the postage payment utilized by the mailer.

5.  Most business mailings sent via U.S. Postal Service (USPS) or through other private couriers reflect a pre-established postage meter or other various lines of credit to pay for the postage. Additionally, during the Silk Road investigation (dark web investigation that provided avenues to customers to order narcotics via the internet), the USPIS learned that unknown persons posted intelligence on the Silk Road website warning prospective drug mailers that most USPIS search warrant affidavits for narcotics or narcotics proceeds packages, reflect mailing labels written as person-to-person and bore fictitious addressee and sender names. Due to the posting on the Silk Road Website, USPIS has noticed an increased number of packages utilizing valid sender and addressee names and/or valid business names on narcotics or narcotics proceeds packages. Recent analysis has also shown that whether the mailer utilized a legitimate name/business on a mailing label or a fictitious name on the mailing label, cash payment for postage is the method of payment for most narcotics or narcotics proceeds parcels. USPIS analysis has established a series

3

of characteristics which, when found in combination of two or more, have shown a high probability that the package will contain a controlled substance or the proceeds of controlled substance sales. Information collected by the USPIS has demonstrated that the presence of these characteristics is significant for delivery services, to include U.S. Postal Service Express Mail, Federal Express, and United Parcel Service. This profile includes the following characteristics: package mailed from or addressed to a known narcotic source city; package has a fictitious return address; package addressee name is unknown at the destination address; package sender name is unknown at the return address; package has address information that is handwritten; package is mailed from a Commercial Mail Receiving Agency (CMRA); package is addressed to residential areas; package is addressed person-to-person; packages are wrapped in brown paper and/or heavily taped; and the ZIP Code from where the package is mailed is different than the ZIP Code used in the return address, and/or any other characteristic previously noted in this paragraph.

6. The U.S. Postal Inspection Service St. Louis Field Office's Multi-Functional Team has found the characteristics listed in paragraphs three, four, and five are indicative of packages that have been found to contain illegal controlled substances or the proceeds/payments for controlled substances.

7. This affidavit is submitted for the limited purpose of establishing probable cause for the search warrant sought. I have not set forth each and every fact known to me concerning this investigation. I have included what I believe are facts sufficient for the present purpose. The information contained in this affidavit is based upon my personal knowledge and investigation, as well as information conveyed to me by other law enforcement agents and employees.

## Investigation and Probable Cause

8. On Monday, August 26, 2019, Inspector M. Gadsden, USPIS Charlotte Division,

contacted the USPIS St. Louis Field Office Metropolitan Parcel Task Force (MPTF) and provided information regarding USPS International Express package **EE945089245MX** (hereinafter "**Subject Package**"). Inspector Gadsden advised that he had seized approximately 8.7 kilograms of methamphetamine which was destined to Rockingham, North Carolina, in August of 2019. Inspector Gadsden reviewed USPS business records and identified the **Subject Package**, which was currently in the mail stream and located in St. Louis, Missouri. Inspector Gadsden requested the St. Louis Field Office attempt to review the **Subject Package**, based on the fact it was still within the mail stream.

10. On Monday, August 26, 2019, I conducted a review of USPS business records and confirmed the **Subject Package** was currently located at the Overland Post Office, 2318 Woodson Road, St. Louis, Missouri 63114. I was able to determine the **Subject Package** was accepted in Mexico on August 12, 2019, and then mailed out of Monterey, Mexico, on August 19, 2019. The **Subject Package** arrived in Chicago, Illinois on August 21, 2019 and arrived in St. Louis, Missouri on August 22, 2019. According to USPS business records, the unidentified customer contacted the USPS and requested the package be held at the Post Office at their request.

11. On Monday, August 26, 2019, I responded to the Overland Post Office and conducted a review of the **Subject Package**. The **Subject Package** displayed a handwritten mailing label, was addressed person-to-person, was heavily taped, extremely dense, and was confirmed to be originating from a known source narcotics area, Sinaloa, Mexico. These characteristics are consistent with characteristics of previous packages that have contained narcotics or proceeds of narcotics. Due to these characteristics, I began a review of the mailing label in order to verify the validity of the addressee and sender listed on the **Subject Package**.

12. The **Subject Package** was addressed to "DALE HOWARD 8121 ALLEN

5

AVENUE OVERLAND, MO 63114," with a return address of "ORLANDO ZAZUETA SOTO MONTE CARNELO #5730 FRACC. BILLA BONiTA CuliACAn, Sinaloa 80199." A review of available USPS databases revealed that 8121 Allen Avenue, Overland, Missouri 63114 was a valid address. However, no one with the name of Dale Howard was ever found to have associated with this address. Due to the sender address being located in Sinaloa, Mexico, there is no way to identify if this is a valid sender, or valid address.

13. On August 26, 2019, I contacted Detective Sebek, a K-9 Officer employed by the St. Louis County Police Department. Detective Sebek later responded to the USPIS St. Louis Field Office for a K-9 review. Detective Sebek was accompanied by his narcotic-trained canine, "Pippi." The **Subject Package** was placed in an area not known to have been previously contaminated by a narcotic odor. Detective Sebek had "Pippi" search this area. Upon arriving at the **Subject Package**, Detective Sebek advised that canine "Pippi" reacted in a positive manner, which I observed, indicating the presence of a narcotic odor.

14. The **Subject Package** is a brown cardboard box and measures approximately eighteen inches, by fourteen inches, by seven inches, and weighs approximately nineteen pounds and seven ounces (8.815 kilograms). It is important to note, the weight of the Subject Package is consistent with the weight of the package seized by Inspector Gadsden, which was confirmed to contain methamphetamine. Based on my training and experience, as well as the training and experience of other members of the USPIS Saint Louis Narcotics Team, I know that the size and weight of the **Subject Package**, coupled with other indicators such as a fictitious addressee name, originating from a known source narcotics area, heavily taped, and a positive reaction by a narcotic-trained canine, are consistent with other packages that have been found in the past to contain narcotic substances, or monies which are the proceeds/payments of narcotics trafficking.

6

It is my belief that the package will contain narcotics, a violation of Title 21, United States Code, Sections 841(a)(1) and 846.

15. The **Subject Package** is currently in the custody of Postal Inspector Jordan Wicks in the Eastern District of Missouri. Attached herewith is a picture of the mailing label for USPS International Express package **EE945089245MX** and a copy of the qualifications for Detective Sebek's K-9, Pippi.

16. Because this investigation is ongoing and its success would be jeopardized if the contents of this affidavit were made public, Inspectors request that this affidavit be sealed until further order of the Court.

JORDAN R. WICKS
U.S. Postal Inspector

SUBSCRIBED and SWORN to before me this 27th day of August, 2019.

NANNETTE A. BAKER
United States Magistrate Judge
Eastern District of Missouri

## St. Louis County Police Department
Division of Criminal Investigations Canine Detective
Canine Probable Cause Affidavit of Qualifications
Handler: Detective David Sebek, DSN 3341
Canine "Pippi" DSN 46

I, Detective David Sebek, DSN 3341, have been a Commissioned Police Officer of the St. Louis County Police Department since January 5, 2001. I have completed 200 hours of Missouri P.O.S.T. required Law Enforcement Academy requirements. Canine "Pippi" and I are currently assigned to the St. Louis County Police Department's Division of Criminal Investigation's Drug Enforcement Unit.

Canine Pippi is a black and white colored, female, German Shorthair Pointer. She was born on February 8, 2013. Canine Pippi and I attended and completed the "Basic Police Canine Training Course for Narcotics Detection", from October 3, 2015, through October 30, 2015. This course was held at Shallow Creek Kennels, located in Sharpsville, PA. The training course consisted of four weeks of instruction and application of canine obedience, narcotics/controlled substance detection. Canine Pippi and I were certified by the North American Police Work Dog Association (NAPWDA) as an accredited Narcotic Detection Canine team on October 30, 2015.

Canine Pippi has been trained to sniff and alert to the distinctive odors of controlled substances including: Heroin, Cocaine, Methamphetamine, and Marijuana. Canine Pippi alerts to these odors in a passive manner by sitting at, or as close as she can get, to the source of the odor.

Canine Pippi and I were last annually re-certified by the North American Police Work Dog Association (NAPWDA) as an accredited Narcotic Detection Canine team on April 29, 2019.

Since Canine Pippi and I began working, she had been responsible for the seizure of approximately 1,495 lbs of marijuana, approximately 6.75 lbs of heroin, 159.5 lbs of methamphetamine, and 31 lbs of cocaine. Canine Pippi has also been responsible for the seizure of approximately $2,291,679 in smuggled bulk US currency. These totals are accurate as of July 8, 2019.

Canine Pippi and I train a minimum of four hours per week, in the areas of narcotic detection with the St. Louis County Police Department's Canine Unit and on our own time.

Detective David Sebek, DSN 3341
St. Louis County Police Department
Division of Criminal Investigations, Drug Enforcement Unit
7900 Forsyth Blvd
Clayton, MO 63105
(636) 529-8225

